OPINION
Defendant-appellant, Pasquale Anderson ("appellant"), appeals from the adjudication of the Geauga County Court of Common Pleas finding appellant a sexual predator.
On December 17, 1985, a jury convicted appellant of two counts of sexual battery in violation of R.C. 2907.03(A)(1). The trial court sentenced appellant to two concurrent terms of four (4) to ten (10) years. The Adult Parole Authority determined appellant violated his parole for abduction and robbery. Appellant received an aggregate sentence of six (6) to twenty-five (25) years. The order of the proceeding, aggregating the sentence, is not in the record before this court.
On September 15, 2000, the trial court conducted a sexual offender classification hearing. The parties stipulated appellant was thirty-three years of age at the time of the incident while the victim, his niece, was fifteen years old. Further stipulations were made regarding appellant's prior criminal record, that multiple victims were not involved, and that appellant did not use drugs or alcohol to impair the victim. No witnesses testified at the hearing. The trial court noted the record before it included the exhibits, indictment, judgment entry of conviction, and the trial transcript.
At the hearing, the trial court determined appellant was a sexual predator. The trial court relied upon the ages of appellant and the victim at the time of the offense, that the victim was appellant's blood niece, and that appellant's lengthy criminal record demonstrated an inability to control his impulses. The trial court issued a judgment entry finding appellant was still incarcerated for the sexually oriented offenses. The trial court further determined there was a high probability appellant would re-offend. Appellant has timely appealed from this determination.
Appellant assigns the following errors for review:
 "[1.] The trial court lacked jurisdiction to conduct a sexual offender classification hearing as appellant, Pasquale Anderson, completed his sentences for sexual battery over one year prior to the enactment or (SIC) R.C. 2950.09.
 "[2.] The trial court was without authority to order appellant to register as a sexual predator because he had completed his prison term for a sexually oriented offense before July 1, 1997.
 "[3.] The state failed to present sufficient evidence which could prove, by clear and convincing evidence, that appellant is a sexual predator.
 "[4.] The trial court's adjudication that appellant is a sexual predator is against the manifest weight of the evidence."
 Appellant's first and second assignments of error will be addressed together as similar issues of fact are in issue. In his first assignment of error, appellant challenges the trial court's jurisdiction to hold the sexual offender classification hearing. Appellant asserts he completed his term of imprisonment for the two sex offenses prior to the effective date of House Bill 180, establishing procedures for classification hearings. Appellant argues he cannot be adjudicated a sexual predator because he fits within none of the categories listed in R.C. 2950.01(G). Appellant maintains he had to be imprisoned for a sexually oriented offense at the time of the adjudication.
R.C. 2950.01(G)(3) provides:
 "Prior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator."
R.C. 2950.09(C)(1) states, in part:
 "If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, * * * and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator * * *."
 In his second assignment of error, appellant contends the trial court lacked authority to require him to register as a sexual predator. Appellant asserts he served his term for sexual battery prior to July 1, 1997, precluding the trial court from having the authority to impose the registration requirement.
Appellant was sentenced in 1985 to two concurrent terms of imprisonment for the sexual battery offenses. Both parties agree that appellant's sentence for sexual battery was aggregated by the Adult Parole Authority because appellant violated his parole in Cuyahoga County. In his motion for sentence reduction filed on August 24, 1995, appellant attached an affidavit in which he stated that his sentence was aggregated, giving him a sentence of seven (7) to twenty-five (25) years. There is no evidence, such as a certified copy of the order aggregating the sentence, pursuant to Ohio Admin. Code 5120-2-03, in the record before this court. Although the state bore the burden of proving the aggregated sentence, appellant's affidavit admitting to the same is evidence that this occurred. Appellant stated in his affidavit that he was serving one (1) aggregated sentence. Because appellant was serving an aggregate sentence, he was imprisoned for a sexually oriented offense at the time of the hearing. The trial court had the authority to hold the sexual offender hearing and did not err by ordering appellant to register as a sexual predator upon his release from prison. Appellant's first and second assignments of error are overruled.
In his third assignment of error, appellant disputes the sufficiency of the evidence sustaining the trial court's determination he was a sexual predator. Appellant asserts the prosecution did not produce any evidence he was likely to commit one or more sexual offenses in the future.
R.C. 2950.01(E) defines a "sexual predator" as a person who has been convicted of a sexually oriented offense and is likely to engage in that type of behavior in the future. In applying this definition, a trial court can classify a defendant as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence. See R.C. 2950.09(C)(2)(b). In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following: the offender's age; prior criminal record; the age of the victim of the sexually oriented offense; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; any mental illness or mental disability of the offender; the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim was part of a demonstrated pattern of abuse; whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and, any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B).
The state must present clear and convincing evidence in support of both prongs of R.C. 2950.01(E). Clear and convincing evidence has been defined as that measure of proof which is more than a mere preponderance of the evidence but less than the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which would provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122. An appellate court must examine the record before it to determine whether the trier of facts had sufficient evidence before it to satisfy the requirements of the clear and convincing degree of proof necessary for an offender to be determined a sexual predator.State v. Stillman (Dec. 22, 2000), Lake App. No. 2000-L-015, unreported, 2000 Ohio App. LEXIS 6106. Whether the evidence is legally sufficient to support the finding by the trier of fact is a matter of law. State v.Thompkins (1997), 78 Ohio St.3d 380, 386.
A finding of likely recidivism by a trial court can be made even though a majority of the factors are not relevant in a given case. A trial court may afford greater weight to one factor over another depending on the facts of the case. State v. Wade (Dec. 29, 2000), Trumbull App. No. 99-T-0061, unreported, 2000 Ohio App. LEXIS 6218.
The factors relied upon by the trial court were appellant's age (33) at the time of the offense, that the victim was his blood niece, that appellant threatened the victim's family, and appellant's lengthy criminal record. After the hearing, the trial court stated appellant's prior criminal record showed his inability to control his impulses. The trial court also observed appellant's act of having sex with his fifteen-year old niece indicated a complete inability to follow not only statutory laws but any sense of morality as well.
The ages of both appellant and his victim strongly indicates appellant's propensity to re-offend in the future. Appellant was an adult in his thirties at the time of the offense while his niece was only fifteen. Appellant's lengthy criminal record, dating back to his teens, shows he never attained the maturity to forego acting on his impulses. There is little evidence to show he will not continue to do so after his release into society.
The victim's brother testified at trial regarding an incident occurring when he was eight years old. The boy stated appellant attempted to engage in sodomy with the boy and threatened him to secure his silence. There is some evidence appellant has abused, or tried to abuse, children in the past and seems to prey on family members. The victim also testified her mother opposed her father having custody in part because of her concerns about appellant.
The victim's brother tried to prevent appellant from entering the room where his sister and cousin were, but appellant essentially told the boy to stay away from the room. Appellant then removed the sleeping six-year old cousin before beginning his assault on his teenage niece. Appellant's actions were deliberate and premeditated.
Appellant only recently seemed to accept any responsibility for his actions. He did complete a sex offenders' treatment program but did not attend the program until he had served several years of his sentence. The record indicates appellant understood little of what the program sought to achieve, making his completion of the program to have little value.
Although much of this evidence standing on its own would not support a finding that appellant is a sexual predator, considering the evidence cumulatively supports the trial court's judgment. Based on the above stated reasons, the state presented evidence sufficient to meet its burden. The trial court did not err by determining appellant is a sexual predator. Appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant contends the trial court's determination was contrary to the manifest weight of the evidence. Appellant argues the state presented no evidence concerning his present state of mind but only focused on his past conduct.
When reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v.Thompkins, supra.
Although a trial court essentially is determining the defendant's propensity to engage in future behavior at a sexual predator hearing, a trier of fact can look at past behavior as well. Past behavior is often an important indicator of future conduct. State v. Ferguson (Mar. 31, 1998), Franklin App. No. 97APA06-858, unreported, 1998 Ohio App. LEXIS 1392. Appellant primarily relies upon his completion of the sexual offenders' program and his acceptance of responsibility to bolster his contention he is not likely to re-offend. As discussed above, both appellant's admission of responsibility for the offense and his attendance in the program took place well into his term of incarceration. Further, the record indicates appellant obtained little benefit from the program, giving his completion of it little weight.
The trial court did not err by relying upon appellant's past behavior when determining his likelihood of recidivism. The sexual predator determination was not against the manifest weight of the evidence. Appellant's fourth assignment of error lacks merit. The judgment of the Geauga County Court of Common Pleas is affirmed.
JUDGE DIANE V. GRENDELL, FORD, P.J., CHRISTLEY, J., concur.